IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


WILLIE WATSON,

    Petitioner,

vs.                                    Case No. 4:07cv219-MP/WCS

JAMES McDONOUGH,

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

Petitioner Watson filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with supporting memorandum. Doc. 1. The court granted leave to proceed in forma pauperis and directed Petitioner to show cause, if any there be, why the petition should not be summarily dismissed without prejudice for failure to exhaust state court remedies. Doc. 5 (repeated in part below, otherwise incorporated by reference). Petitioner filed a response. Doc. 6.

Petitioner challenges his 2006 conviction out of the Circuit Court in Leon County. He indicates that the judgment was affirmed on April 11, 2007, and he has just recently filed a Fla.R.Crim.P. 3.850 motion. Doc. 1, pp. 2-3. As previously noted, a § 2254

petition generally may not be granted unless the applicant has exhausted available state remedies, and an applicant has not exhausted remedies if he still has the right to raise the issue in state court. Doc. 5, pp. 1-2, citing § 2254, other citation omitted. The court also noted that Petitioner would have to present his ineffective assistance of appellate counsel claims in state court. *Id.*, p. 2. He was advised that ineffective assistance of appellate counsel claims are raised in Florida by petition filed in the appellate court pursuant to Fla.R.App.P. 9.141(c). *Id.*, pp. 2-3.

In response, Petitioner claims that appellate counsel claims cannot be raised in state court, and ineffective assistance of appellate counsel must be raised by petition for writ of habeas corpus. Doc. 6. He claims that habeas corpus is separate from a Rule 3.850 petition, and that issues not raised on appeal cannot be raised by 3.850 motion.

It appears that Petitioner is confusing his state and federal remedies. It is true that a Florida petition for writ of habeas corpus may not be used as a means to litigate a second appeal or seek relief on grounds which should be raised by Rule 3.850 motion. Baker v. State, 878 So.2d 1236, 1241, 1245 (Fla. 2004). But ineffective assistance of appellate counsel is properly raised in Florida by filing a petition for writ of habeas corpus in the appellate court to which the appeal was taken. Fla.R.App.P. 9.141(c)(2); Mack v. State, 955 So.2d 51, 53 (Fla. 1st DCA 2007) (citing the rule, other citations omitted). The petition must be filed within two years after the conviction is final on appeal. 955 So.2d at 55 (also rejecting the argument that the claim was barred as not preserved in the trial court; appellate counsel could have preserved that particular issue even though trial counsel did not).

Case No. 4:07cv219-MP/WCS

There has not yet been a ruling on the Rule 3.850 motion, and Petitioner has not yet pursued any relief in state court on his ineffective assistance of appellate counsel claim.[1]  It plainly appears that Petitioner is not entitled to § 2254 relief at this time, and the petition should be dismissed without prejudice.  § 2254 Rule 4.

For future reference, Petitioner is advised there is a one year time limit for filing a § 2254 petition which generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," and is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(1)(A)[2] and (d)(2).  The time during which a federal habeas corpus petition (like this one) is pending does not itself toll the period with respect to a subsequent petition.  § 2244(d)(2); <u>Duncan v. Walker</u>, 533 U.S. 167, 181-82, 121 S.Ct. 2120, 2129, 150 L.Ed.2d 251 (2001).

---

[1] Petitioner is advised that any ineffectiveness claims must be pursued in state court followed (if relief is denied) by an appeal.  *See, e.g.*,  <u>Grubbs v. Singletary</u>, 120 F.3d 1174, 1178 (11th Cir. 1997), *cert. denied*, 523 U.S. 1060 (1998) (where petitioner did not present specific instances of ineffective assistance he presented by § 2254 petition, and would be precluded from presenting them by state law in a successive postconviction motion, he had to demonstrate cause and prejudice for the default) (citations omitted); <u>LeCroy v. Secretary, Florida Dept. of Corrections</u>, 421 F.3d 1237, 1260 and n. 24 (11th Cir. 2005), *cert. denied*, 546 U.S. 1219 (2006) (discussing exhaustion requirement that federal claim be fairly presented to the state court; finding that substantive claim based on a "lock-up statement" was "separate and distinct from an ineffective-assistance-of- counsel claim based on the failure to object to, or appeal, the trial court's lock-up statement," for default purposes) (citations omitted).

[2] There are later possible commencement dates for the one year period, set forth in § 2244(d)(1)(B) - (D).

It is therefore respectfully **RECOMMENDED** that this § 2254 petition, challenging Petitioner's conviction and life sentence imposed by the Second Judicial Circuit, Leon County, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state remedies.

**IN CHAMBERS** at Tallahassee, Florida, on September 4, 2007.


   S/    William C. Sherrill, Jr.
   **WILLIAM C. SHERRILL, JR.**
   **UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**